JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kathy I. Murphy

**(b)** County of Residence of First Listed Plaintiff: Chester, TN
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Derek R. Layser, Layser & Freiwald, P.C., 1500 Walnut St, 18th Fl, Philadelphia, PA 19102; 215-875-8000

## DEFENDANTS
Genesis Healthcare LLC d/b/a Crestview Center

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 7/27/11
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[ Print ] [ Save As... ] [ Export as PDF ] [ Retrieve PDF File ] [ Reset ]

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHY I. MURPHY<br>250 North Road<br>Enville, TN 38332<br>        Plaintiff,<br>v.<br><br>GENESIS HEALTHCARE LLC d/b/a<br>CRESTVIEW CENTER<br>262 Tollgate Road<br>Langhorne, PA 19047<br>      and<br>COOPER UNIVERSITY HOSPITAL<br>One Cooper Plaza<br>Camden, NJ 08103<br>        Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO:<br>:<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION - COMPLAINT

1. Plaintiff, Kathy I. Murphy, is a legal resident and citizen of the State of Tennessee, with an address of 250 North Road, Enville, TN 38332.

2. Defendant, Genesis HealthCare LLC d/b/a Crestview Center ("Crestview Center"), is a limited liability company and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania and which owns, operates, and controls a skilled nursing facility located at 262 Tollgate Road, Langhorne, PA 19047.

3. At all relevant times, Defendant Crestview Center was acting by itself and/or by and through its agents, ostensible agents, servants, and employees, including its nursing staff.

4. Plaintiff is asserting a professional liability claim against Crestview Center.

5. Defendant, Cooper University Hospital (hereinafter "Cooper"), is a corporation, professional association and/or legal entity organized and existing under the laws of the State of New

Jersey for the purpose of providing medical services with a hospital located at One Cooper Plaza, Camden, NJ 08103.

6. At all times relevant, defendant hospital was acting by and through its agents, servants and employees, including its nursing staff.

7. Plaintiff is asserting a professional liability claim against Cooper.

8. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

9. This Court has jurisdiction over the parties by virtue of diversity of citizenship pursuant to 28 U.S.C. § 1332.

10. At all times relevant, Plaintiff Kathy Murphy was under the medical care, treatment and attendance of the defendants, directly or through their agents, servants and/or employees, and was under the defendants' direct control or right of control.

11. In January of 2009, Plaintiff was experiencing vaginal bleeding and sought treatment at the Center for Women's Health in Langhorne, PA.

12. Plaintiff's medical history was significant for HTN, Diabetes, tachycardia, and morbid obesity.

13. Plaintiff was subsequently diagnosed with Grade I endometrial cancer and referred to Dr. David Warshal.

14. On June 17, 2009, Dr. Warshal performed a total abdominal hysterectomy with bilateral salpingo-oophorectomy at Cooper University Hospital.

15. Plaintiff was discharged from Cooper University Hospital on June 20, 2009.

16. In the days following the surgery, Plaintiff experienced leakage of fluid from

her abdominal wound.

17. On June 23, 2009, Plaintiff presented to the ED at Cooper University Hospital due to the fluid leakage and was admitted for disruption of the surgical wound.

18. During this admission, the staples from the incision were removed and wound vac therapy provided.

19. In performing the wound vac therapy, two (2) medium black sponges and one (1) large white foam sponge were used.

20. Plaintiff was discharged from Cooper University Hospital on June 26, 2009 and transferred to Crestview Center for wound care management and physical therapy.

21. On admission to Crestview Center, wound vac therapy was to be provided every Monday-Wednesday-Friday and on an as-needed basis.

22. Plaintiff received wound care therapy at Crestview Center until July 10, 2009, at which point her wound was managed with wet-to-dry dressing changes.

23. Plaintiff was discharged from Crestview Center on July 29, 2009 to begin home health care.

24. In October of 2009, Plaintiff began experiencing persistent drainage of fluid from the surgical wound.

25. On December 11, 2009, Plaintiff followed-up with Dr. Warshal due to the persistent fluid drainage.

26. On examination, Dr. Warshal discovered foreign material within the wound that was unable to be removed.

27. On January 6, 2010, Plaintiff presented to Cooper University Hospital for surgical removal of the foreign body and wound revision.

28. Per the Operative Report, Plaintiff's prior surgical incision had to be extended to encompass the entire area containing the foreign body.

29. The Operative Report further states that there was a "large amount of sponge-like material" found within the wound.

30. The Pathology Report indicates that the foreign body was a VAC sponge.

31. Plaintiff was discharged to home the same day.

32. The grievous injuries suffered by Kathy I. Murphy as more fully set forth below, were caused solely and exclusively by the negligence of Defendants and/or their agents, servants, and employees, including their nursing staff, and were due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

33. As a result of the negligence of Defendants, Plaintiff was caused to suffer the following damages:

    a) persistent abdominal pain;

    b) persistent drainage of fluid from the surgical wound;

    c) additional scarring;

    d) need for additional wound vac therapy;

    e) need for additional wound care management;

    f) delayed healing of surgical wound;

    g) need for pain medication;

    h) need for additional consultations;

  I)  need for additional surgery for removal of the foreign body;

  j)  need for wound revision;

  k)  need for additional physical therapy;

  l)  increased risk of future infections;

  m)  need for home health care;

  n)  delay in recovery;

  o)  past pain and suffering;

  p)  past medical expenses;

  q)  past mental anguish;

  r)  embarrassment and humiliation;

  s)  disfigurement;

  t)  loss of life's pleasures;

  u)  wage loss;

  v)  loss of earning capacity; and

  w)  incidental and other expenses.

34. As a direct result of the negligence of the Defendants, plaintiff has incurred various and diverse medical expenses for her treatment and care.

## COUNT I
### Plaintiff Kelly I. Murphy v. Defendant Cooper University Hospital

35. The allegations of paragraphs 1 through 34 inclusive are incorporated herein by reference as though set forth at length.

36. The negligence and carelessness of Defendant is vicarious for the acts of its agents,

5

ostensible agents, servants and/or employees, including its nursing staff, and consisted of one or more of the following:

    a)     failure to properly perform wound vac therapy;

    b)     negligently leaving a VAC sponge inside the Plaintiff's abdominal wound;

    c)     failure to properly account for the VAC sponges utilized in wound vac therapy;

    d)     delaying the healing of Plaintiff's surgical wound;

    e)     failure to prevent the injuries sustained by Plaintiff as a result of leaving a foreign body inside her abdominal wound; and

    f)     delaying Plaintiff's recovery.

37.     The negligence of Defendant increased the risk of harm to the Plaintiff and was a substantial contributing factor to the injuries sustained.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant individually, jointly, and severally for sums in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, pre-judgment interest, and post-judgment interest.

## COUNT II
### Plaintiff Kelly I. Murphy v. Defendant Genesis HealthCare LLC d/b/a Crestview Center

38.     The allegations of paragraphs 1 through 37 inclusive are incorporated herein by reference as though set forth at length.

39.     The negligence and carelessness of Defendant is vicarious for the acts of its agents, ostensible agents, servants and/or employees, including its nursing staff, and consisted of one or more of the following:

    a)     failure to properly perform wound vac therapy;

    b)     failure to provide appropriate wound care management;

    c)     negligently leaving a VAC sponge inside the Plaintiff's abdominal wound;

    d)     failure to properly account for the VAC sponges utilized in wound vac therapy;

    e)     delaying the healing of Plaintiff's surgical wound;

    f)     failure to prevent the injuries sustained by Plaintiff as a result of leaving a foreign body inside her abdominal wound; and

    g)     delaying Plaintiff's recovery.

40.     The negligence of Defendant increased the risk of harm to the Plaintiff and was a substantial contributing factor to the injuries sustained.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant individually, jointly, and severally for sums in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, pre-judgment interest, and post-judgment interest.

                    **LAYSER & FREIWALD, P.C.**

By:    */s/ Derek R. Layser*
        DEREK R. LAYSER
        1500 Walnut Street, 18th Floor
        Philadelphia, PA 19102
        Attorney ID No. PA 54938
        drl@layserfreiwald.com
        P: (215) 875-8000
        F: (215) 875-8575
Dated: July 27, 2011         Attorney for Plaintiff